**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001223
26-MAY-2015
08:17 AM**

NO. CAAP-14-0001223

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF TS

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 12-00016)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Father-Appellant (**Father**) appeals from the Order Terminating Parental Rights, filed on October 14, 2014, in the Family Court of the First Circuit (**Family Court**).[1]

On appeal, Father claims that the Family Court erred by finding that he was not currently willing and able to provide a safe family home for his child T.S., he was not given a reasonable opportunity to reunite with T.S., and an attorney was not timely appointed for him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows:

There was clear and convincing evidence that Father could not provide a safe family home, even with the assistance of a service plan. See Hawaii Revised Statutes (**HRS**) § 587A-

---

[1] The Honorable Lanson K. Kupau presided.

33(a)(1) (Supp. 2014). The Department of Human Services (**DHS**) first became involved with T.S. based on reports of Father's violent behavior, Mother's drug and alcohol use, and the history of verbal and physical abuse between the parents, as discovered by or reported to DHS and as set forth in temporary restraining orders Mother and Father had against each other. T.S. was placed into temporary foster care on January 23, 2012. At a January 23, 2012 hearing, Father agreed to a service plan dated January 18, 2012. The service plan required Father, *inter alia,* to participate in the services and treatment required for participation in the Family Drug Court Program, undergo a substance abuse assessment and recommended treatment, random drug tests, a psychological evaluation (after ninety days of sobriety), parenting education, and home-based parenting, if reunified.

"Absent compelling reasons, if the child has been in foster care under the department's responsibility for an aggregate of fifteen out of the most recent twenty-two months, from the date of entry into foster care, the department shall file a motion to terminate parental rights." HRS § 587A-33(i) (Supp. 2014). DHS moved to terminate Father's parental rights on January 14, 2014. At a hearing on the Motion to Terminate Parental Rights, on October 14, 2014, Father admitted that he used meth and relapsed more than two times since January 2012. Father was removed from the Hina Mauka drug testing program 11 times and did not show up for testing twenty-six times. Missed testing counted as a positive drug test result, as set forth in the service plan. Not only did Father fail to complete required services, Father also stated that he would not participate any further. Barry Kwock (**Kwock**), a DHS social worker, testified that additional time for Father would not make a difference because it had been years since T.S. entered foster custody and Father stated that he would not participate in any further services.

Father contends that he was not given a reasonable opportunity to reunify with T.S. Father visited with T.S. until

he tested positive for drugs in July 2012. Thereafter, while Father was represented by private counsel, the Family Court ordered that Father participate in 30 days of drug treatment before allowed visitation again. Father did not participate in 30 days of drug treatment at any time during the course of the proceeding. As stated above, Father agreed to a service plan dated January 18, 2012. Despite Father's failure to complete services since January 2012, in August of 2014, the Family Court allowed Father two more months to demonstrate that he wanted to reunite with T.S. by showing progress toward completing services. Not only did Father fail to engage in services at the time of the continued hearing on the Motion to Terminate Parental Rights on October 14, 2014, he stated that he would not participate any further. Under the circumstances of this case, Father was given a reasonable opportunity to reunify with T.S.

Father also claims the Family Court abused its discretion by not appointing counsel for Father for fouteen months. In In re TM, the supreme court concluded that "in light of the constitutionally protected liberty interest at stake in termination of parental rights proceeding, we hold that indigent parents are guaranteed the right to court-appointed counsel in termination proceedings under the due process clause in article I, section 5 of the Hawai'i Constitution." In re TM, 131 Hawai'i 419, 436, 319 P.3d 338, 355 (2014)(footnote omitted). The supreme court held that effective upon the filing date of the opinion in In re TM, which was January 6, 2014, the family courts must appoint counsel for indigent parents when a petition for temporary foster custody is granted. Id.

Father initially retained his own counsel. However, his counsel was allowed to withdraw on December 14, 2012 after Father "asked him to cease work" on Father's case. The next time Father appeared in court after his counsel withdrew was on July 8, 2013. The Family Court informed Father that he had the right to an attorney and questioned whether Father wanted to proceed without an attorney. Father responded, "I'll proceed as long as I'm comfortable with what I understand. But, yeah, we'll

3

proceed." The Family Court then stated, "[I]f you're not comfortable and would like to have an attorney present, then you can let me know." During the same hearing, the Family Court stated that if Father did not qualify for a free attorney, that he should try to get an attorney who can present his arguments. Thus, the record indicates that Father was aware of his right to counsel but chose to proceed without counsel. On February 20, 2014, Father was appointed counsel. There is nothing in the record to suggest the Family Court delayed appointment of counsel after Father requested it.

For these reasons, the Family Court's October 14, 2014 Order Terminating Parental Rights is affirmed.

DATED: Honolulu, Hawai'i May 26, 2015.

On the briefs:

Herbert Y. Hamada
for Father-Appellant

Dean T. Nagamine
for Guardian Ad Litem-Appellee

Marissa H. Luning
Kaiwi N. Ching
Deputy Attorneys General
for Petitioner-Appellee
Department of Human Services

Chief Judge

Associate Judge

Associate Judge